IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO A. PEREZ, | No. C-09-3843 TEH (PR) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") refusal to grant him parole at his second parole hearing held on November 29, 2006. Doc. #1 at 1, 12 & 15. Petitioner has paid the $5.00 filing fee.

//
//
//

I

On July 23, 1996, Petitioner was sentenced in Los Angeles County Superior Court to an indeterminate term of eighteen-years-to-life in state prison after he pled no-contest to second degree murder with an attached firearm use enhancement. Doc. #1 at 2. Petitioner's minimum parole eligibility date was October 29, 2004. Doc. #1 at 50.

Petitioner filed a pro se petition for a writ of habeas corpus in Los Angeles County Superior Court challenging BPH's decision to deny him parole, which the court denied on April 10, 2008. Doc. #1 at 129-132. The California Court of Appeal denied petitions filed there on September 11, 2008 and January 16, 2009. Id. at 133-35. The California Supreme Court denied the petition filed there on August 12, 2009. Id. at 137-38. On August 21, 2009, Petitioner filed the instant federal Petition for a Writ of Habeas Corpus. Doc. #1.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief due to BPH's

2

failure to grant him parole at his November 29, 2006 parole hearing on the ground that BPH's decision denying him parole does not comport with due process. Among other things, Petitioner claims that the decision is not supported by some evidence in the record. Liberally construed, Petitioner's claims appear colorable under § 2254 and merit an Answer from Respondent. See <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

### III

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

3

1      If Petitioner wishes to respond to the Answer, he shall do
2 so by filing a Traverse with the Court and serving it on Respondent
3 within thirty (30) days of his receipt of the Answer.
4      3.   In lieu of an Answer, Respondent may file a Motion to
5 Dismiss on procedural grounds, as set forth in the Advisory
6 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
7 If Respondent files such a motion, Petitioner shall file with the
8 Court and serve on Respondent an Opposition or Statement of
9 Non-Opposition within thirty (30) days of receipt of the motion, and
10 Respondent shall file with the Court and serve on Petitioner a Reply
11 within fifteen (15) days of receipt of any Opposition.
12      4.   Petitioner is reminded that all communications with
13 the Court must be served on Respondent by mailing a true copy of the
14 document to Respondent's counsel.  Petitioner also must keep the
15 Court and all parties informed of any change of address.

18      IT IS SO ORDERED.

20 DATED   10/08/09              _____
21                                THELTON E. HENDERSON
                                  United States District Judge

27 G:\PRO-SE\TEH\HC.09\Perez-09-3843-osc-parole.wpd

**United States District Court**
For the Northern District of California

**4**